**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**MARCUS MIXON**                                                                    **PLAINTIFF**

**V.**                                    **NO. 4:16CV00320 SWW/PSH**

**NANCY A. BERRYHILL,**
**Acting Commissioner,**
**Social Security Administration**                                      **DEFENDANT**

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United

States District Judge Susan Webber Wright.  You may file written objections to all or part of this

Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or

legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14)

days of this Recommendation.  By not objecting, you may waive the right to appeal questions of

fact.

**I.  Introduction:**

Plaintiff, Marcus Mixon, applied for disability insurance benefits on January 29, 2013,

alleging an onset date of July 1, 2008.  (Tr. at 14).  After conducting a hearing, the Administrative

Law Judge ("ALJ") denied his application.  (Tr. at 24).  The Appeals Council denied Mr. Mixon's

request for review.  (Tr. at 1).  The ALJ's decision now stands as the final decision of the

Commissioner, and Mr. Mixon has requested judicial review.

For the reasons stated below, the Court should affirm the decision of the Commissioner.

**II.  The Commissioner's Decision:**

The ALJ found that Mr. Mixon had not engaged in substantial gainful activity since the

application date of January 29, 2013.  (Tr. at 16).  The ALJ found at Step Two that Mr. Mixon had

the following severe impairments: polymyositis,[1] degenerative disc disease, degenerative joint disease, prostate disorder, and obesity.  (Tr. at 16).  At Step Three, the ALJ determined that Mr. Mixon's impairment did not meet or equal a listed impairment.  *Id.*

Before proceeding to Step Four, the ALJ determined that Mr. Mixon had the residual functional capacity ("RFC") to perform sedentary work except for the following limitations: 1) he should never climb ladders, ropes, or scaffolds; 2) he could only occasionally climb ramps or stairs; 3) he could only occasionally balance, stoop, kneel, crouch, or crawl; and 4) he should have the option to sit or stand at will.  (Tr. at 17).  Next, the ALJ found that Mr. Mixon is unable to perform past relevant work.  (Tr. at 23).  Evaluating testimony from the Vocational Expert ("VE"), the ALJ held that based on Mr. Mixon's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that he could perform.  (Tr. at 23-24).  Consequently, the ALJ found that Mr. Mixon was not disabled.  (Tr. at 24).

**III.  Discussion:**

A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error.

---

[1]

"Polymyositis is an uncommon inflammatory disease that causes muscle weakness affecting both sides of your body. Polymyositis can make it difficult to climb stairs, rise from a seated position, lift objects or reach overhead....While there is no cure for polymyositis, treatment—ranging from medications to physical therapy—can improve your muscle strength and function." http://www .mayoclinic.org/diseases-conditions/polymyositis/ basics/definition/con–20020710.

*Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B.  Mr. Mixon's Arguments on Appeal

Mr. Mixon argues that substantial evidence does not support the ALJ's decision to deny benefits.  He contends that he met Listing 14.05E.  He also submits that the ALJ improperly discounted the opinion of Mr. Mixon's treating physician, David Bard, M.D., and therefore, assigned an RFC that was beyond Mr. Mixon's capabilities.  Reviewing the entire record, the Court finds that the ALJ's determinations were supported by substantial evidence.

"The listings define impairments that would prevent an adult, regardless of his age,

education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.' . . . That is, if an adult is not actually working and his impairment matches or is equivalent to a listed impairment, he is presumed unable to work and is awarded benefits without a determination whether he actually can perform his own prior work or other work." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). A claimant has the burden of proving that an impairment (or combination of impairments) meets or equals a Listing. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). To meet a listing, an impairment must meet all of the Listing's specified criteria. *Carlson v. Astrue*, 604 F.3d 589, 593 (8th Cir. 2010).

Mr. Mixon did not provide any argument that he met Listing 14.05E; he merely recited the Listing language. (Doc. No. 8 at 3-4). To meet Listing 14.05E, a claimant must show repeated manifestations of polymyositis, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss), with marked limitation in daily activities, social functioning, or completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace. 20 C.F.R. Part 404, Subpt. P, App. 1, Listing 14.05E. While multiple providers diagnosed polymyositis in Mr. Mixon, an EMG/nerve conduction study was normal and he had normal muscle tone in his extremities on March 19, 2014 (Tr. at 356, 361). Also in March 2014, there was no tenderness on palpation in the cervical, mid-thoracic, or lower lumbar spine. (Tr. at 361). To confirm polymyositis, a muscle biopsy was recommended by Dr. Jasen Chi, but Mr. Mixon did not pursue that course. (Tr. at 341, 362). A failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart,* 393 F.3d 798, 802 (8th Cir. 2005). Moreover, Mr. Mixon experienced improvement with prednisone, as noted by both Dr. Bard and Dr. Chi. (Tr. at 337, 358). Dr. Bard stated in August 2014 that Mr. Mixon was not clinically worse, and

4

that he may be in remission.  (Tr. at 377).  Impairments that are controllable or amenable to treatment do not support a finding of total disability.  *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

As for the requirement in Listing 14.05E of a marked limitation in daily activities, Mr. Mixon fails to show diminished capacity in this area.  He stated he had no problems with personal care, could fix meals daily, could go out alone, shop, walk, and attend church and AA meetings.  (Tr. at 214-218).  Such daily activities undermine his claims of disability.  See *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995);  *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). Additionally, the record reflects that Mr. Mixon worked throughout 2013, during the period he alleges disability.  (Tr. at 16).  Notwithstanding Mr. Mixon's failure to put forth any facts or legal authority for his Listings argument, the Court finds that the ALJ's decision that Mr. Mixon did not meet Listing 14.05E was supported by substantial evidence in the record as a whole.

The ALJ likewise afforded proper weight to the opinion of Dr. Bard.  Dr. Bard submitted a medical source statement which detailed significant postural limitations.  (Tr. at 377-381).  Dr. Bard stated that Mr. Mixon could sit, stand, and walk for only 20 minutes, and would need to take a break every 30 minutes.  (Tr. at 377- 379).  He said Mr. Mixon could reach overhead less than 10% of the time in a work setting.  (Tr. at 380).  Mr. Mixon argues that this opinion would yield a more limited RFC, which would eliminate all jobs.

A treating physician's opinion should be granted controlling weight if it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  The opinion of a treating physician, however, does not automatically control; nor does it eliminate the

need to evaluate the record as a whole. *Id.* (quoting *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001)).  An ALJ may discount or disregard the opinion of a treating physician when other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of the opinions.  *Id.*  The medical evidence here suggests that Dr. Bard's opinion should not be given controlling weight.

While an April 2014 lumbar MRI showed degenerative disc disease with central disc protrusion and mild foraminal narrowing, Mr. Mixon repeatedly showed good ROM in his extremities and his lumbosacral region.  (Tr. at 364, 400-409).  Straight-leg raises were negative throughout his medical history.  (Tr. at 361, 369).   His gait was normal and he showed no tenderness upon palpation, and he showed normal muscle tone in his back and neck.  *Id.*  Mr. Mixon attended seven physical therapy sessions in April, May, and June 2014, and the notes therefrom indicate significant functional and ROM improvement.  (Tr. at 400-409).  He was discharged from physical therapy on June 12, 2014, upon full resolution of his impairments.  (Tr. at 408-409).  Finally,  two state-agency medical consultants concluded upon review of the medical records that Mr. Mixon would be capable of performing light work with postural limitations.  (Tr. at 101, 112).  The objective medical evidence suggests overall improvement and discredits Dr. Bard's opinion.  The ALJ paired the medical evidence with Mr. Mixon's activities of daily living to conclude that Dr. Bard's opinion was only entitled to some weight.  Still, the ALJ assigned an RFC containing more restrictive limitations than those recommended by the state medical consultants, which suggests that the ALJ did consider some of Dr. Bard's conclusions.  The weight given Dr. Bard's opinion was proper.

**IV.  <u>Conclusion</u>:**

There is substantial evidence to support the Commissioner's decision that Mr. Mixon is not disabled.   Mr. Mixon did not meet a Listing, and the weight assigned to Dr. Bard's opinion was proper.  The decision, therefore, should be affirmed.  The case should be dismissed, with prejudice.

IT IS SO ORDERED this 8th day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE